■ In the Matter of GEORGE BONIFACIO, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [715 NYS2d 244] —Determination of respondent Police Commissioner dated March 5, 1999, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Franklin Weissberg, J.], entered September 24, 1999), dismissed, without costs.

Substantial evidence supports respondent's finding that petitioner, who had been reprimanded about an hour earlier for having failed to respond to a radio call and was admittedly upset, approached his sergeant to discuss the matter and was discourteous to the point of being threatening. No basis exists to disturb the Hearing Officer's findings of credibility (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). The penalty of dismissal does not shock our sense of fairness in view of petitioner's admitted additional offenses of failing to safeguard a firearm he and his partner had recovered at a crime scene and to note such recovery in his log. If, as petitioner asserts, leaving the gun behind at the scene was a mistake that he wanted to cover up out of embarrassment, it was, as the Hearing Officer stated, "extraordinarily irresponsible" of him not to tell any of his superiors about having left the gun behind, with the result that evidence of a crime was lost and an automatic weapon remains in the public domain. Concur—Nardelli, J. P., Tom, Lerner, Buckley and Friedman, JJ.